[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13327
Non-Argument Calendar

_____

D. C. Docket No. 2:11-cr-00080-JHH-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMOND CHAD PRUITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 14, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Desmond Chad Pruitt, who pleaded guilty to being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), appeals his 72-month sentence.  No reversible error has been shown; we affirm.

We review a final sentence for procedural and substantive reasonableness . United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  A sentence might be procedurally unreasonable if the district court fails to explain adequately the chosen sentence.  Id.  We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"Sentences outside the guidelines are not presumed to be unreasonable, but we may take the extent of any variance into our calculus."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009) (citation omitted).  When the district court decides after "serious consideration" that a variance is in order, the court is required to explain adequately why that variance is appropriate in a particular case with sufficient justifications.  Id. (quotation omitted).

> Because of its institutional advantage in making sentence determinations, a district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one

that is appropriate. We must give its decision due deference. We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. However, that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal.

Id. at 1238 (citations and quotations omitted).

We conclude that Pruitt's sentence is reasonable. Although his 72-month sentence varied upward from the top of the advisory guidelines range by 26 months, the sentence was well below the 10-year statutory maximum he faced. See 18 U.S.C. § 924(a)(2); United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate sentence was appreciably below the statutory maximum).

Pruitt argues that the district court gave undue weight to testimony presented at the sentencing hearing about his threats to law enforcement and paid little to no attention to the offense of conviction. But "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and citation omitted). In addition, the district court explained its decision to apply

an upward variance, citing its reliance on several of the § 3553(a) factors, including the history and characteristics of the defendant, the nature and circumstances of the offense, the nature and extent of Pruitt's criminal history, and the need to protect the public from further crimes because Pruitt posed a significant danger to society.

Pruitt's argument that the court failed to consider his arguments in mitigation -- that he had just been shot when he made threats to police and that he was compliant and non-combative once in custody -- also lacks merit.  The district court specifically stated that it had considered the nature and circumstances of the particular offense.  See 18 U.S.C. § 3553(a)(1).  And contrary to Pruitt's assertion, the district court was permitted to consider Pruitt's extensive prior criminal history at sentencing, even though his previous offenses were included in his criminal history and were therefore part of the calculation of his guideline range.  See United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008) (concluding that the district court may consider factors that already have been addressed by the Guidelines when determining a reasonable sentence, including information on the background, character, and conduct of the defendant).

Based on the evidence in the record, we conclude that Pruitt's sentence was reasonable and that the district court adequately justified its upwardly variant

4

sentence.  Although Pruitt disagrees with the district court's assessment of several of the § 3553(a) factors, we -- on this record -- cannot say that the court's careful consideration of the factors and its conclusion were unreasonable.

AFFIRMED.